UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE WOODS, an individual

    Plaintiff

v

FREDERICK C WILLIAMS, an individual,

    Defendant

Case No.
Hon.

## COMPLAINT

NOW COMES Plaintiff Michelle Woods ("Woods"), by and through her counsel, O'Reilly Rancilio P.C., and sets forth the following as her Complaint against Defendant FREDERICK C WILLIAMS stating as follows:

### PARTIES

1.    Plaintiff, Michelle Woods ("Plaintiff") is an individual residing in the County of Macomb, State of Michigan.

2.    Defendant, Frederick C Williams ("Defendant") is an individual, who upon information and belief resides in Maricopa County, Arizona.

### JURISDICTION AND VENUE

3.    This action is brought, in part, pursuant to the Computer Fraud and Abuse Act ("CFAA"), 18 USC § 1030 and the Stored Communications Act ("SCA"), 18 USC § 2701 *et seq.*

4. This Court has federal question jurisdiction over this action pursuant to the 28 USC § 1331, CFAA and the SCA, and supplemental jurisdiction pursuant to 28 USC § 367 over Plaintiff's state law claims arising out of the allegations set forth in this Complaint.

5. This Court also has jurisdiction over this matter pursuant to 28 USC § 1332(a)(1) as the amount in controversy exceeds $75,000, exclusive of interests and costs and is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

7. Plaintiff utilized the wire services offered at her bank, Flagstar Bank.

8. Plaintiff maintained checking and savings accounts at the bank.

9. As one of the services offered by Flagstar Bank to its customers, Plaintiff secured the use of Flagstar's wiring service, allowing customers to access their account through the internet and wire funds to other banks.

10. Plaintiff, in the summer of 2022, identified a home she wanted to purchase.

11. Plaintiff entered into a purchase agreement for the purchase of a home that was located in Harrison Township, Macomb County Michigan.

12. As is typical with residential home purchase transactions, a title company is utilized to conduct a closing; collect and disburse funds; record deeds and insure title to the home.

13. In this instance, First Premier Title Agency of 45665 Hayes Rd., Shelby Township Michigan was selected to conduct the closing.

14. Plaintiff had funds on deposit at Flagstar Bank that she intended to use to fund the purchase of the home.

15. On or about August 9, 2022, First Premier Title Agency provided the Plaintiff's realtor with a wiring instruction letter containing the instructions for the Plaintiff to wire the funds necessary for the closing.

16. The closing was scheduled to occur on August 17, 2022 at the First Premier Title Agency.

17. On August 15, 2022 at 4:52m, Plaintiff's caused an email to be sent to Flagstar Bank, forwarding a copy of First Premier Title Agency's wire instructions.

18. That on or about August 15, 2022 at 4:55pm, Defendant, or someone acting at his direction, obtained access, without permission, to Plaintiff's email account and/or Flagstar Bank's email server.

19. Defendant caused a false and misleading email communication to be sent to Flagstar Bank containing false wire instructions.

20. The false wire instructions purported to contain the escrow account for First Premier Title Agency, when in fact, the wire instructions were for an account in the name of Defendant.

21. Based upon the false and fraudulent wiring instructions, Flagstar Bank wired funds in the amount of $357,658.46 to the account of Defendant at PNC Bank.

22. Plaintiff learned of the fraudulent wire and immediately contacted Flagstar Bank who was able to recover $253,174.46 before Defendant further transferred the money.

23. Unfortunately, Flagstar Bank was unable to recover $104,484 from Defendant.

24. Plaintiff had promptly advised Flagstar Bank that the wire was not authorized by Plaintiff.

25. Defendant, by gaining unauthorized access to Plaintiff's email account and transferring $357,658.46 from Plaintiff's account to Defendant's account, converted Plaintiff's property to his own use, inconsistent with the rights of Plaintiff in her property.

26. As a direct and proximate result of Defendant's actions, the subject funds are not in the rightful possession of Plaintiff and Plaintiff has been damaged in an amount in excess of $104,484.00.

27. Defendant's actions were wanton, reckless, malicious and in direct disregard for the rights of Plaintiff.

28. Defendant has knowingly exercised dominion and control over assets properly belonging to Plaintiff. Defendant has spent and/or otherwise withdrawn from Defendant's bank account the subject funds.

29. The above referenced acts constitute both common law and statutory conversion in Michigan. Plaintiff is entitled to recover from the Defendant the full amount converted, in addition to treble damages as provided by MCL 600.2919a.

## COUNT I

**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §1030**

30. Plaintiff incorporates the allegations contained within Paragraphs 1-29 as if fully restated herein.

31. Defendant was not authorized to access Plaintiff's email account, the computer servers hosting the email account, nor was Defendant authorized to send emails purporting to be on Plaintiff's behalf.

32. Defendant intentionally and without consent, permission, or authorization gained access to confidential and sensitive information through the email account/server.

33. The Plaintiff's email account was hosted on a protected computer which at all times operated and affected interstate commerce.

34. Without consent, permission or authorization, Defendant obtained confidential and sensitive records of Plaintiff, including the email address of Plaintiff's banker, the wiring instructions for the closing, and through his

unauthorized access caused false wiring instructions to be delivered to Flagstar Bank.

35. Defendant obtained money from Plaintiff, based upon false pretenses and false representations.

36. Defendant's intentional access of the protected computers and the Plaintiff's email account caused loss and damages to Plaintiff, including, but not limited to, costs incurred in Plaintiff's attempts to recover the converted funds, obtaining replacement funds to complete the closing, and other damages directly caused by Defendant's intentional access of the protected computers.

37. Plaintiff's damages from Defendant's unauthorized access exceeds $5,000.00 and in fact, exceeds $104,484.00.

38. Defendant took all such actions knowingly and intentionally and without Plaintiff's consent or permission and in violation of the Computer Fraud and Abuse Act with actual intent to harm and injure the Plaintiff.

39. As a direct and proximate result of Defendant's unlawful and improper actions, Plaintiff has suffered losses in an amount in excess of $104,484.00.

40. Punitive and exemplary damages are appropriate because Defendant's actions were willful and intentional and made with an actual intent to harm.

WHEREFORE, Plaintiff respectfully requests that this Court (i) declare that the $357,658.46 wire transfer is a debt owed to the Plaintiff by the Defendant; (ii)

enter Judgment in favor of Plaintiff in the amount of $104,484.00; (iii) award Plaintiff her costs, interest and attorney fees; and (iv) grant such other relief as this Court deems just and equitable to Plaintiff.

## COUNT II

## COMMON LAW AND STATUTORY CONVERSION

41. Plaintiff incorporates the allegations contained within Paragraphs 1-40 as if fully restated herein.

42. Defendant unlawfully engaged in a distinct act of dominion over Plaintiff's property.

43. Defendant's actions described above, constitute common law and statutory conversion pursuant to MCL 600.2919a.

44. Defendant used his unlawful dominion over Plaintiff's property for his own benefit, to, among other things, intentionally cause Flagstar Bank to wire funds that Defendant was not entitled to receive, into an account controlled by Defendant under the false premise that the funds were being wired to a title company.

45. Plaintiff is entitled to treble damages and attorneys' fees against Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant in the amount of $313,452.00 (loss

trebled) and award Plaintiff her costs, interest and attorney fees; and grant such other relief as this Court deems just and equitable to Plaintiff.

### COUNT III

**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §2701** *et seq*

46. Plaintiff incorporates the allegations contained within Paragraphs 1-45 as if fully restated herein.

47. The SCA prohibits the intentional access of a facility through which an electronic communication service is provided without authorization, or intentionally exceeding authorization to access that facility, and the obtaining, altering, or prevention of authorized access to an electronic communication while it is in electronic storage in such system.

48. In addition to its criminal penalties, the SCA provides a civil cause of action for any person aggrieved by any violation of the SCA.

49. Defendant intentionally and without authorization gained access to confidential and sensitive information stored on a facility through which an electronic communications service is provided by accessing Plaintiff's email account which contained communications between Plaintiff and her bank relative to a then upcoming closing.

50. The Plaintiff's email account facilitated electronic communications between the Plaintiff and third parties, including Flagstar Bank.

51. Under the SCA, the email servers through which Plaintiff's email account can be accessed, are a facility through which an electronic communication service is provided.

52. Without authorization, Defendant obtained confidential and sensitive business records and electronic communications of Plaintiff while they were stored on the email servers.

53. Defendant's unauthorized access cause actual harm to Plaintiff, including but not limited to, the conversion of the funds wired, the investigation costs to locate the source of the intrusion, attorneys' fees.

54. Defendant took all such actions knowingly and intentionally and in violation of the SCA.

55. Punitive and exemplary damages are appropriate because Defendant's actions were willful and intentional and were done with an actual intent to harm the Plaintiff.

56. This Court should award Plaintiff her attorneys' fees under 18 U.S.C. §2707(c).

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff in the amount of $104,484.00; award Plaintiff her costs,

interest and attorney fees; and (v) grant such other relief as this Court deems just and equitable to Plaintiff including punitive damages.

                                                  O'REILLY RANCILIO, P.C.

                                                  By: */s/ James J. Sarconi*
                                                        James J. Sarconi (P66101)
                                                        Attorney for Michelle Woods
                                                         12900 Hall Road, Suite 350
                                                        Sterling Heights, MI 48313
                                                        (586) 726-1000
                                                        (586) 726-1560 fax
Dated:  August 8, 2023                   jsarconi@orlaw.com